538 S.E.2d 655

**In the Matter of Karl L. KENYON, Respondent.**

**No. 25201.**

Supreme Court of South Carolina.

Submitted Sept. 5, 2000.

Decided Oct. 9, 2000.

Henry B. Richardson, of Columbia, for the Office of Disciplinary Counsel.

Kermit S. King, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement under Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension from the practice of law for a period of one year, to run concurrent with the indefinite suspension he is currently serving.[1] We accept the agreement. The facts in the agreement are as follows.

Respondent was named as a defendant in a Virginia civil action entitled *Waverly L. Berkley, III, R. Arthur Jett, Jr., Carter B.S. Furr, John D. Padgett, a partnership d/b/a Jett, Berkley, Furr and Padgett v. Karl L. Kenyon* (Circuit Court No. L93–4609). The circuit court for the city of Norfolk, Virginia (Virginia Court) found that in 1988 respondent executed a binding agreement with Waverly L. Berkley, III, (Berkley) whereby respondent agreed to pay $25,000 in return for the rights to a $28,874.29 judgment previously obtained by Berkley in the United States District Court for the Eastern District of Virginia. Respondent paid $5,000 but made no further payments on the agreement.

In an order dated January 9, 1995, the Virginia Court found that respondent engaged in a pattern of deceptive and fraudulent conduct to avoid paying the balance due on his contractual obligation to Berkley. Specifically, the Virginia Court found that respondent intentionally and deliberately made false representations to Berkley that he would obtain the remaining funds for Berkley from the sale of two homes which he knew had not been constructed. The Virginia Court ordered that respondent pay Berkley $20,000, plus pre-judgment interest of 6.9% per annum and post-judgment interest of 9%, and directed that a certified copy of the order be sent to the South Carolina Office of Disciplinary Counsel.

---

1. Respondent was placed on indefinite suspension on September 22, 1997. *In the Matter of Kenyon*, 327 S.C. 307, 491 S.E.2d 252 (1997).

As of the date of the hearing before the full panel of the Commission on Lawyer Conduct, respondent has not made any attempts to pay this judgment.

## Conclusion

We find that respondent has violated Rule 8.4(d) of the Rules of Professional Conduct, Rule 407, SCACR, by engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation.

In our opinion, respondent's misconduct warrants a definite suspension of one year to run concurrent with the indefinite suspension he is now serving. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

DEFINITE SUSPENSION.