559 S.E.2d 590

**In the Matter of Karl L. KENYON, Respondent.**

**No. 25411.**

Supreme Court of South Carolina.

Submitted Jan. 15, 2002.

Decided Feb. 11, 2002.

Henry B. Richardson, Jr., and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Karl L. Kenyon, of Anderson, Pro Se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to disbarment. We accept the agreement and disbar respondent.

### *Facts*

Respondent is serving a life sentence after pleading guilty in the United States District Court for the District of South Carolina to operating a racketeering enterprise, possession of a firearm with an obliterated serial number, and two counts of money laundering. The racketeering acts were specified as being two counts of wire fraud, three counts of money laundering, and two counts of murder. Respondent has been sanctioned by this Court on two prior occasions. *See In re Kenyon*, 342 S.C. 623, 538 S.E.2d 655 (2000) (definite suspension); *In re Kenyon*, 327 S.C. 307, 491 S.E.2d 252 (1997) (indefinite suspension).

### *Law*

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(b) (committing a criminal act reflecting adversely on his honesty, trustworthiness, or fitness as a lawyer); Rule 8.4(c)

(engaging in conduct involving moral turpitude); and Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(4) (being convicted of serious crimes and crimes of moral turpitude); Rule 7(a)(5) (engaging in conduct tending to bring the legal profession into disrepute and demonstrating an unfitness to practice law); and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state).

### Conclusion

We find that respondent's misconduct warrants disbarment. Accordingly, we accept the Agreement for Discipline by Consent.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.