478 S.E.2d 686

**In the Matter of Mark Victor EVANS, Respondent.**

**No. 24538.**

Supreme Court of South Carolina.

Submitted Oct. 24, 1996.

Decided Dec. 2, 1996.

Attorney General Charles Molony Condon and Senior Assistant Attorney General James G. Bogle, Jr., Columbia, for complainant.

Lionel S. Lofton and Andrew J. Savage, III, Charleston, for respondent.

PER CURIAM:

In this attorney grievance proceeding, respondent admits that he has committed ethical violations and consents to disbarment. We accept respondent's admission and disbar him.

On January 19, 1996, respondent was involved in an automobile accident which resulted in the death of Laura Griffin. Respondent subsequently pled guilty to felony driving under the influence causing death. S.C.Code Ann. § 56–5–2945 (Supp.1995). He was sentenced to imprisonment for twenty-

five (25) years and to pay a fine of $10,000 suspended upon the service of nine (9) years and the payment of $16,686 with probation for three (3) years.

The investigation showed that respondent had used marijuana and cocaine on or before January 22, 1996. Additionally, while respondent was out on bond pending the criminal trial, it was discovered that respondent had used marijuana and his bond was revoked.

Following the accident, respondent filed a claim with his insurance company containing false statements regarding the time and cause of the accident. He also falsely told his insurance company that the accident had not resulted in any death or injury.

Respondent has been convicted of a serious crime which is misconduct under paragraph 5C of Rule 413, SCACR. Additionally, he has engaged in conduct involving dishonesty, fraud, or misrepresentation in violation of Rule 8.4 of the Rules of Professional Conduct contained in Rule 407, SCACR. This conduct warrants disbarment.

It is therefore ordered that respondent shall be disbarred from the practice of law in this State. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR, and shall surrender his certificate of admission to practice law in this state to the Clerk of Court.

DISBARRED.