495 S.E.2d 780

**In the Matter of Eben H. COCKLEY, Respondent.**

**No. 24753.**

Supreme Court of South Carolina.

Heard Dec. 2, 1997.

Decided Jan. 26, 1998.

Attorney General Charles Molony Condon, and Senior Assistant Attorney General James G. Bogle, Jr., Columbia, for complainant.

David J. Gundling, Pawleys Island, for respondent.

PER CURIAM:

This is an attorney disciplinary matter. The Panel recommended respondent be definitely suspended for one year retroactive to April 2, 1996, the date he pled guilty and was sentenced. By a vote of 6 to 0, the Interim Review Committee adopted the Panel's conclusions of law and recommendations but the Committee recommended respondent be suspended retroactive to May 2, 1996, when we temporarily suspended respondent pursuant to ¶ 6 of Rule 413, SCACR.

Respondent was arrested on May 30, 1994, for felony driving under the influence (DUI) causing great bodily injury. Respondent was driving southward in the northbound lane when he collided with a motorcycle injuring the riders. One rider, Maurice Lewis, was seriously injured.[1] Respondent's blood alcohol level was .23. He pled guilty to felony DUI and was sentenced to five years. Respondent was released from prison on April 9, 1997.

We have not sanctioned an attorney solely upon the basis of a conviction for felony DUI. Other jurisdictions that have considered the question of the appropriate sanction when an attorney drives under the influence and causes serious injury or death have found some period of suspension or even disbarment warranted. See Danny R. Veilleux, Annotation, *Misconduct involving intoxication as ground for disciplinary action against attorney,* 1 A.L.R.5th 874 §§ 6–9 (1992 & Supp.1995).

A fixed period of suspension is commonly imposed for a felony DUI conviction. *See e.g. Kentucky Bar Ass'n v. Ran-*

---

**1.** Lewis has made a partial recovery from the accident. He has some residual problems, such as a loss of smell and taste, behavioral changes (i.e. emotional outbursts), and a knee injury.

*kin,* 862 S.W.2d 894 (Ky.1993) (six-month suspension and two year probationary period for felony DWI); *Kentucky Bar Ass'n v. Jones,* 759 S.W.2d 61 (Ky.1988) (court imposed two year suspension on attorney convicted of felony DUI and reckless homicide); *In re Morris,* 74 N.M. 679, 397 P.2d 475 (1964) (indefinite suspension for involuntary manslaughter resulting from DUI); *Office of Disciplinary Counsel v. Michaels,* 38 Ohio St.3d 248, 527 N.E.2d 299 (1988) (court imposed eighteen-month suspension when attorney pled guilty to involuntary manslaughter, DWI, and reckless driving); *In re Curran,* 115 Wash.2d 747, 801 P.2d 962 (1990) (court imposed six-month suspension when attorney convicted of vehicular manslaughter).

We find respondent has violated § 5(C) of Rule 413, SCACR, by committing a serious crime and his misconduct warrants an eighteen-month suspension. Therefore, respondent is hereby suspended from the practice of law in this State for a period of eighteen months retroactively to the date of his temporary suspension, May 2, 1996. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**