650 S.E.2d 849

**In the Matter of H. Dewain HERRING, Respondent.**

No. 26380.

Supreme Court of South Carolina.

Submitted Aug. 14, 2007.

Decided Sept. 10, 2007.

Henry B. Richardson, Jr., Senior Disciplinary Counsel, and Robert E. Bogan, Assistant Deputy Attorney General, both of Columbia, for Office of Disciplinary Counsel.

Richard A. Harpootlian, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of any sanction within Rule 7(b), RLDE, Rule 413, SCACR. We accept the Agreement and disbar respondent from the practice of law in this State. The facts, as set forth in the Agreement, are as follows.

## FACTS

On February 16, 2006, respondent was indicted on the charges of murder and pointing and presenting a firearm.[1] A jury convicted respondent on both charges. Respondent was sentenced to thirty (30) years imprisonment for murder and five (5) years imprisonment for pointing and presenting a firearm.[2]

## LAW

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects) and Rule 8.4(c) (it is professional misconduct for a lawyer to commit a criminal act involving moral turpitude). In addition, respondent admits his misconduct is grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it is a ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule

---

1. Respondent was placed on interim suspension. *In the Matter of Herring,* 367 S.C. 325, 626 S.E.2d 326 (2006).

2. The Agreement specifies that, by entering into the Agreement, respondent admits that he was indicted for and convicted of the two crimes and, further, that the Agreement is not intended to be an admission by respondent of any other fact relating to the crimes.

7(a)(4) (it is a ground for discipline for lawyer to be convicted of a crime of moral turpitude or a serious crime).

## CONCLUSION

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this State. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.

BEATTY, J., not participating.