669 S.E.2d 85

**In the Matter of Mark V. EVANS, Petitioner.**

Supreme Court of South Carolina.

Nov. 6, 2008.

## ORDER

Petitioner was placed on interim suspension in 1996, after he pled guilty to one count of felony driving under the influence (DUI) causing death. *In re Evans,* 323 S.C. 469, 476 S.E.2d 915 (1996). Later that year, petitioner was disbarred. *In re Evans,* 325 S.C. 23, 478 S.E.2d 686 (1996). The disbarment was based on petitioner's conviction as well as use of drugs and making a false statement to an insurer regarding the fatal accident.

On September 10, 2007, petitioner filed a Petition for Readmission to the Practice of Law. The Office of Disciplinary Counsel (ODC) filed a return in opposition to the petition in which it maintained the petition should be denied based solely on the seriousness of the prior misconduct.

A hearing was held before the Committee on Character and Fitness on January 18, 2008. On June 20, 2008, the Committee issued a Report and Recommendation recommending the petition be denied because petitioner failed to show by clear and convincing evidence that he meets the requirements of Rule 33(f), RLDE, Rule 413, SCACR, for reinstatement.

Specifically, the Committee found the petition should be denied on the basis of the seriousness of the prior misconduct. The Committee noted this is the first time the Court has been asked to consider reinstating a disbarred attorney in a matter where the underlying misconduct that led to disbarment included the death of a third party as a result of an accident caused by drunken driving.[1] The Committee acknowledged

---

1. At the hearing before the Committee, ODC stated that since 1821, only three attorneys, including petitioner, have lost their license to practice law due to a conviction for a crime involving the death of a person. *See In re Holt,* 317 S.C. 48, 451 S.E.2d 884 (1994)(indefinite suspension for felony DUI and cocaine use; disbarred in 1997 based on federal conviction for bank fraud and has never sought reinstatement); *In re Herring,* 375 S.C. 138, 650 S.E.2d 849 (2007)(murder conviction).

there is precedent in the State of Ohio for reinstatement of an attorney who caused a fatal automobile accident and pled guilty to involuntary manslaughter, driving while intoxicated, reckless operation of a motor vehicle, and operating a motor vehicle without reasonable control, *see Office of Disciplinary Counsel v. Michaels,* 50 Ohio St.3d 607, 553 N.E.2d 597 (1990), but found that case unpersuasive because the totality of misconduct therein was not as egregious as the misconduct in the case at hand.[2]

ODC did not object to the report. However, petitioner filed objections to the report. A hearing was held before this Court on October 8, 2008.

The following was established at the hearings before the Committee and this Court. Petitioner served approximately 7½ years in prison, during which he completed a drug and alcohol program. At the time of the hearing before the Committee, petitioner had been out of prison for four years. Petitioner has completed his probation and paid the fine that was imposed. He passed the bar examination and has completed Bridge the Gap. Since being released from prison, he has been working in his sister's restaurant in Charleston and doing construction work. Petitioner states that if he is readmitted he will practice primarily civil law. Grady Query, Esquire, has agreed to allow petitioner to share space within his office.

With regard to rehabilitation, petitioner has been extremely active in Alcoholics Anonymous (AA), with regular attendance at, participation in, and leading of AA meetings at the

---

In addition, in *In re Kenyon,* 348 S.C. 233, 559 S.E.2d 590 (2002), the racketeering charges resulting in disbarment involved two counts of murder. Petitioner cited to *In re Cockley,* 329 S.C. 369, 495 S.E.2d 780 (1998) in support of his reinstatement. Mr. Cockley was suspended for eighteen months following a conviction for felony DUI involving great bodily injury. He was reinstated approximately 4½ years after his suspension. *In re Cockley,* 342 S.C. 437, 538 S.E.2d 4 (2000).

**2.** The Committee also found petitioner was not forthright with regard to whether he had driven a car while his driver's license was under suspension. After careful consideration of the transcript of the Committee hearing, we find petitioner's inconsistent answers to the questions regarding this issue were not intentionally deceptive, but were the result of confusion caused by the wording of the questions.

Charleston Center, a public alcohol and drug treatment center. He is also participating in a monitoring program with the South Carolina Bar's Lawyers Helping Lawyers, and has fully complied with its reporting requirements.

Petitioner is monitored by his AA sponsor, as well as Robert Turnbull of Lawyers Helping Lawyers.[3] Both men fully support petitioner's reinstatement. Petitioner's AA sponsor states petitioner is doing the things he needs to stay sober and he is optimistic petitioner will be able to abstain from the use of drugs and alcohol in the future. Mr. Turnbull states he feels confident, given the safeguards that can be put into place through Lawyers Helping Lawyers, that if petitioner is readmitted, he will be a better lawyer than he was before his suspension and disbarment.

Petitioner himself maintains he is committed to a life without drugs and alcohol. He asserts he has the ability to be a good and productive citizen and to be a good lawyer, this time freed of his dependence on drugs and alcohol. He states his recovery has allowed him to institute many new, healthy habits, which have led to a more "healthy, productive, positive, spiritual lifestyle." Petitioner asserts he is a different person from the person he was prior to the commission of the misconduct and that he is a much better person today. He assured this Court that there is no possibility of his prior misconduct occurring again.

Finally, and most importantly, petitioner acknowledged the seriousness of his misconduct and the fact that drug and alcohol addiction was an underlying component. He further acknowledged his misconduct resulted in an innocent victim losing her life. He expressed deep regret and sorrow for the victim's loss of her life, and at the hearing before the Committee he stated the accident and the consequences of it to the victim and her family are with him every day. Petitioner stated there are no words to describe the remorse he feels, and although he wishes he could change what occurred, he understands there is nothing he can do except learn from the past and try to be a better person. We note in this regard

---

3. Mr. Query, who has volunteered his services with Lawyers Helping Lawyers over the years, has also agreed to serve as a monitor for petitioner.

that the victim's mother, who petitioner corresponded with while in prison, informed the local media that she does not oppose petitioner's reinstatement and has expressed to petitioner her desire that he return to the practice of law.

A lawyer who has been disbarred shall be reinstated to the practice of law only upon order of the Court. Rule 33(a), RLDE, Rule 413, SCACR. A petition for reinstatement shall not be filed earlier than five years from the date of entry of the order of disbarment. Id.

A lawyer may be reinstated or readmitted only if the lawyer meets each of the following criteria:

(1) The lawyer has fully complied with the terms and conditions of all prior disciplinary orders.

(2) The lawyer has not engaged nor attempted to engage in the unauthorized practice of law during the period of suspension or disbarment.

(3) If the lawyer was suffering under a physical or mental infirmity at the time of suspension or disbarment, including alcohol or other drug abuse, the infirmity has been removed. Where alcohol or other drug abuse was a causative factor in the lawyer's misconduct, the lawyer shall not be reinstated unless:

(A) the lawyer has pursued appropriate rehabilitative treatment;

(B) the lawyer has abstained from the use of alcohol or other drugs for at least 1 year or the period of suspension, whichever is shorter; and

(C) the lawyer is likely to continue to abstain from alcohol or other drugs.

(4) The lawyer recognizes the wrongfulness and seriousness of the misconduct for which the lawyer was suspended or disbarred.

(5) The lawyer has not engaged in any other professional misconduct since suspension or disbarment.

(6) Notwithstanding the conduct for which the lawyer was disciplined, the lawyer has the requisite honesty and integrity to practice law.

(7) The lawyer has kept informed about recent developments in the law and is competent to practice.

(8) If disbarred or indefinitely suspended, the lawyer has successfully completed the examinations and training required by Rule 402(c)(5), (6) and (8), SCACR. The lawyer may take the examinations and begin this training no earlier than 9 months prior to the earliest date on which the lawyer may apply for reinstatement. The lawyer shall attach proof of completion of these examinations and training to the petition for reinstatement.

(9) If suspended for a definite period of 9 months or more, the lawyer has, during the period of suspension, completed and reported continuing legal education and legal ethics/professional responsibility credits equal to those required of active members of the South Carolina Bar and is currently in good standing with the Commission on Continuing Legal Education and Specialization. The lawyer shall attach to the petition for reinstatement a statement from the Commission on Continuing Legal Education and Specialization confirming compliance with this requirement.

(10) If suspended or disbarred for conduct resulting in a criminal conviction and sentence, the lawyer has successfully completed all conditions of the sentence, including, but not limited to, any period of probation or parole.

(11) The lawyer has paid necessary expenses and compensation approved by the Supreme Court to the attorney appointed pursuant to Rule 31, RLDE, to protect the interests of the lawyer's clients for necessary expenses, or to the Lawyers' Fund for Client Protection if the Fund has paid the appointed attorney under Rule 31(f), RLDE.

Rule 33(f), RLDE. The lawyer has the burden of demonstrating by clear and convincing evidence that the lawyer has met each of the criteria in Rule 33(f). Rule 33(g), RLDE. The decision to grant or deny reinstatement rests in the discretion of the Court. Rule 33(h), RLDE. In making this determination, the seriousness of the prior misconduct is considered and the petition for reinstatement may be denied based solely on the seriousness of the prior misconduct. *Id.*

We find petitioner has clearly complied with Rule 33(f)(1), (2), (5), (7), (8), (9), (10) and (11). With regard to Rule 33(f)(3), we find, based on the testimony presented before the Committee and this Court that petitioner has pursued appropriate

rehabilitative treatment and has abstained from the use of alcohol or other drugs for at least one year, and that he is likely to continue to abstain from alcohol or other drugs. We also find petitioner recognizes the wrongfulness and seriousness of the misconduct and has the requisite honesty and integrity to practice law. Rule 33(f)(4) and (6), RLDE.

Having found petitioner meets the criteria set forth in Rule 33(f), we must consider the seriousness of the misconduct. *See* Rule 33(h), RLDE. The seriousness of the misconduct committed by petitioner cannot be overstated. An innocent victim lost her life as a result of petitioner's behavior. Indeed, we have never been asked to reinstate someone to the practice of law in this State whose misconduct rose to the level of that committed by petitioner, or more specifically, resulted in someone's death. Petitioner's actions following the incident which resulted in the victim's death also cause us, as they did the Committee, great concern.

While we appreciate the Committee's reluctance to recommend petitioner's reinstatement in light of the seriousness of his misconduct, especially given the lack of precedent for such action, we find, after consideration of the totality of the circumstances in this case, most importantly petitioner's actions in turning his life around since his incarceration, that the seriousness of petitioner's misconduct should not preclude his reinstatement. Petitioner has taken considerable steps toward addressing the underlying addictions that led to his misconduct and to bettering himself as a lawyer and a person.

Accordingly, we hereby reinstate petitioner to the practice of law in this state subject to the following conditions, which must be met for the next two years:

1. Petitioner shall continue with the twelve-step program administered by AA or Narcotics Anonymous (NA), including attending five AA or NA meetings per week, for a minimum period of two years. Petitioner shall at all times during the two year period have a sponsor to guide him through the program. Petitioner's sponsor shall, for a period of two years, file quarterly reports with ODC setting forth petitioner's progress in the twelve-step program and verifying petitioner's attendance at the required meetings.

2. Petitioner shall enter into a two year monitoring contract with Lawyers Helping Lawyers, a copy of which shall be submitted to ODC.[4] The terms of the contract shall be determined by J. Robert Turnbull, Jr., Director of Lawyers Helping Lawyers, but shall include a requirement that petitioner abstain from the use of alcohol and illegal drugs, that he submit to periodic and unannounced drug and alcohol testing at intervals to be determined by Mr. Turnbull, and that he have weekly contact and monthly face-to-face contact with his monitor.

The monitor shall file quarterly reports concerning petitioner's progress with Lawyers Helping Lawyers and ODC. If petitioner violates the terms of the contract in any material way, Lawyers Helping Lawyers shall notify ODC. At the conclusion of the contract period, Lawyers Helping Lawyers shall file a report with ODC verifying that petitioner has successfully completed the terms of the contract.

3. Lawyers Helping Lawyers and ODC shall notify the Court if petitioner's sponsor or monitor fails to submit the required quarterly reports or if the reports indicate a lack of satisfactory progress by petitioner.

IT IS SO ORDERED.

JEAN H. TOAL, C.J., JOHN H. WALLER, JR., COSTA M. PLEICONES, DONALD W. BEATTY, JOHN W. KITTREDGE, JJ.

---

4. Lawyers Helping Lawyers shall file a copy of the signed contract with ODC.