*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| In the Reinstatement Matter Involving | ) | |
| | ) | Supreme Court No. S-14690 |
| JON E. WIEDERHOLT, | ) | ABA File No. 2012R002 |
| | ) | |
| Petitioner. | ) | O P I N I O N |
| | ) | |
| | ) | No. 6753 – February 22, 2013 |
| | ) | |

Appearances: Terry Aglietti, Aglietti Offret & Woofer, Anchorage, for Petitioner. Mark Woelber, Stephen J. Van Goor, Anchorage, Bar Counsel for The Alaska Bar Association.

Before: Fabe, Chief Justice, Stowers, Justice, and Eastaugh, Senior Justice.* [Carpeneti, Winfree, and Maassen, Justices, not participating.]

STOWERS, Justice.

**I.**

Disbarred attorney Jon E. Wiederholt petitions for reinstatement to the practice of law in Alaska. Wiederholt was disbarred from the practice of law by Order of the Alaska Supreme Court of July 8, 1994. The factual basis and circumstances

---

\* Sitting by assignment made under article IV, section 11 of the Alaska Constitution and Alaska Administrative Rule 23(a).

leading to the disbarment are set forth in detail in *In the Disciplinary Matter Involving Wiederholt*, 877 P.2d 765 (Alaska 1994) (*Wiederholt I*).[1]

Wiederholt has petitioned for reinstatement on four previous occasions.[2] Three of his petitions were denied because either the Alaska Bar Association Area Hearing Committees considering his petitions or the Alaska Bar Association Board of Governors sitting as the Disciplinary Board reviewing his petitions recommended to the supreme court that he not be reinstated, and we agreed with those recommendations.[3]

---

[1]     To summarize, the court disbarred Wiederholt "because, in one case, he filed a pleading and affidavit stating that his client's judgment had not been satisfied when he knew that the judgment had been satisfied, and, in another case, he forged his client's signature as an endorsement to a check." *Wiederholt I*, 877 P.2d at 766. Although these were the primary grounds relied upon by the court in disbarring Wiederholt, the Alaska Bar Association Area Hearing Committee and the Disciplinary Board found that Wiederholt had committed eight bar offenses: (1) making improper sexual advances to a client; (2) making unauthorized signature on a check and threats to disclose client confidences; (3) uttering profane, abusive, and threatening language to opposing counsel; (4) kicking opposing counsel; (5) using improper delay of discovery and disruptive tactics in defense of a case; (6) making direct contact by letter to an opposing party after receiving notice that the party was represented; (7) writing a threatening letter to an unrepresented claimant on behalf of a client; and (8) filing an improper claim on behalf of a client to funds deposited in court and failure to disclose previous execution on a judgment by a client. *Id.*

[2]     *In the Reinstatement Matter Involving Jon E. Wiederholt*, 182 P.3d 1047, 1047-48 (Alaska 2008) (*Wiederholt IV*).

[3]     *Id.*; *In the Matter of the Reinstatement of Wiederholt*, 24 P.3d 1219 (Alaska 2001) (*Wiederholt II*); *In the Matter of the Reinstatement of Wiederholt*, 89 P.3d 771 (Alaska 2004) (*Wiederholt III*); *In the Reinstatement Matter Involving Jon E. Wiederholt*, 182 P.3d 1047 (Alaska 2008) (*Wiederholt IV*). Under Alaska Bar Rule 29, an Area Hearing Committee will hold a preliminary hearing on all petitions for reinstatement. *See* Alaska Bar R. 29(c)(1). After the Hearing Committee provides a recommendation, the Alaska Bar Association's Disciplinary Board will review the Hearing Committee's

(continued...)

(His third petition was dismissed on procedural grounds.[4])

Following his most recent petition, the Disciplinary Board adopted on October 26, 2012 the findings, conclusion, and recommendation of the Area Hearing Committee that Wiederholt be reinstated to the practice of law.[5] The Committee's recommendation was unanimous, and contained no proposed conditions on reinstatement.[6] The Board agreed to reinstate Wiederholt, but a majority of the Board added a recommendation that the supreme court impose two conditions on Wiederholt's reinstatement:

> [F]or three years following reinstatement, there be some oversight in which . . . Wiederholt has a professional mentor who is required to report to the Bar Association any areas of concern, and . . .
>
> Wiederholt disclose to future clients the fact of his prior disbarment and the basis for his disbarment.[7]

---

[3] (...continued) findings and will make a recommendation to this court. *See* Alaska Bar R. 29(c)(2).

[4] Between *Wiederholt III* and *IV*, on June 5, 2005, Wiederholt filed his third petition for reinstatement which was summarily dismissed as untimely.

[5] *Findings, Conclusions, and Recommendation of Disciplinary Board,* ABA No. 2012R002 (Alaska Bar Association Disciplinary Board, Oct. 26, 2012) (hereinafter *Board Recommendation*, attached as Appendix I).

[6] *Findings of Fact, Conclusions of Law and Recommendations of Area Hearing Committee*, ABA No. 2012R002 (Alaska Bar Association Hearing Committee, 3d Judicial District, Oct. 3, 2012) (hereinafter *Committee Recommendation*, attached as Appendix II).

[7] The written Board Recommendation is unclear whether the three-year term would apply only to the mentoring condition or to both conditions. But the transcript indicates that the Board suggested a condition of "disclosure to future clients of his prior

(continued...)

Wiederholt filed a Motion for Clarification, objecting to the conditions requested by the Board's majority. Wiederholt accepts that a reasonable period of mentoring may be required, but objects to the three-year term: He proposes a one-year term. He argues that more than a one-year period of mentoring crosses the threshold from being rehabilitative to being punitive. Wiederholt also objects to the condition of disclosure of his disbarment to future clients. He argues that requiring disclosure of his disbarment goes beyond any concern for protecting the public to being punitive. He also argues that the Board's requested conditions are inconsistent with the Committee's unanimous recommendation, the conditions were not ordered by this court when he was initially disbarred, and they weren't previously requested by the Bar.

The Board filed a Response arguing that it is ultimately a matter of this court's discretion what terms and conditions, if any, should be imposed in conjunction with the reinstatement of an attorney and that all the Board did was make two suggestions for the court's consideration.

We have independently examined the record and in the exercise of our independent judgment we agree with the Area Hearing Committee and the Disciplinary Board that Wiederholt has satisfied the high and rigorous standards necessary to be reinstated, and we grant his petition. We agree with the Board's recommendation that a three-year period of mentoring be required. We disagree that its proposed requirement of disclosure is appropriate.

## II.

Wiederholt's first petition for reinstatement was the first time that a disbarred attorney had ever petitioned this court for reinstatement, and we set forth a

---

[7]    (...continued)
disbarment, and it[]s basis for the next three years."

comprehensive explanation of the standards to be applied in reinstatement proceedings:

> With regard to the review of the Disciplinary Board's findings of fact, we view reinstatement as part of attorney discipline. We therefore employ the same standard used in reviewing attorney discipline proceedings:
>
> > Though this court has the authority, if not the obligation, to independently review the entire record in disciplinary proceedings, findings of fact made by the Board are nonetheless entitled to great weight. The deference owed to such findings derives from the responsibility to conduct disciplinary proceedings which this court has delegated to the Bar Association. Where findings of fact entered by the Board are challenged on appeal to this court, . . . the respondent attorney bears the burden of proof in demonstrating that such findings are erroneous. . . . As a general rule . . . we ordinarily will not disturb findings of fact made upon conflicting evidence. . . .[8]

We further explained that "[a]ccording to the American Bar Association (ABA), because the purpose of lawyer discipline is not punishment, disbarred attorneys may be readmitted to practice. Nevertheless, the ABA believes that the presumption should be against readmission."[9] We agreed with this presumption because "[t]he purpose behind the presumption is protection of the public. This reflects the purpose of the disciplinary process: to protect the public, not to punish the lawyer."[10] We also looked to ABA standards for reinstatement, noting that "the ABA recommends that a

---

[8] *Wiederholt II*, 24 P.3d at 1222-23 (quoting *In re Triem*, 929 P.2d 634, 640 (Alaska 1996)).

[9] *Id.* at 1223 (citing ABA Standard 2.10).

[10] *Id.* (citation omitted).

lawyer seeking readmission 'show by clear and convincing evidence' the following: 'rehabilitation, compliance with all applicable discipline or disability orders or rules, and fitness to practice law.' "[11]  Observing that "most jurisdictions impose very high standards on those petitioning for reinstatement," we explained:

> The major consideration in reinstatement proceedings is whether the disbarred attorney has shown that those weaknesses that produced the earlier misconduct have been corrected.  Therefore, courts often consider remorse, rehabilitation, and moral fitness to practice law to be key elements in the inquiry.  Because a petitioner for reinstatement must demonstrate moral fitness and good character sufficient to be trusted again, the petitioner must make a showing of these characteristics that "overcome[s] the court's former adverse judgment" on the petitioner's character.[12]

We determined that "clear and convincing evidence" is the proper standard for Bar Rule 29 criteria for reinstatement,[13] and that Rule 29 requires the petitioner seeking

---

[11]     *Id.* at 1224 (quoting ABA Standard 2.10).

[12]     *Id.* (citations omitted).

[13]     Bar Rule 29(c) reads, in part:

Proceedings for attorneys who have been disbarred or suspended for more than two years will be conducted as follows:

(1) upon receipt of the petition for reinstatement, the Director will refer the petition to a Hearing Committee in the jurisdiction in which the Petitioner maintained an office at the time of his or her misconduct; the Hearing Committee will promptly schedule a hearing; at the hearing, *the Petitioner will have the burden of demonstrating by clear and convincing evidence* that (s)he has the moral qualifications, competency, and knowledge of law required for admission to the practice of law in this State and that his or her resumption of the practice of law in the State will not be

(continued...)

reinstatement to prove two things: (1) that he has the moral qualifications, competency, and knowledge of the law requisite to the practice of law; and (2) that his reinstatement will not be detrimental to the Bar, the administration of justice, or the public interest.[14] We also adopted the following ten factors articulated by the South Dakota Supreme Court in *In re Pier* (the "*Pier* factors") as "provid[ing] useful guidance in a reinstatement inquiry":

> (1) the petitioner's present moral fitness; (2) the petitioner's acceptance of wrongdoing with sincerity and honesty; (3) the extent of the petitioner's rehabilitation; (4) the nature and seriousness of the original misconduct; (5) the petitioner's conduct following discipline; (6) the time elapsed since the original discipline; (7) the petitioner's character, maturity, and experience at the time of discipline and at present; (8) the petitioner's current competency and qualifications to practice law; (9) restitution; and (10) the proof that the petitioner's return to the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, or subversive of the public interest.[15]

## III.

The Area Hearing Committee in the present matter heard the testimony of 11 witnesses, including Wiederholt, and considered other evidence in the stipulated

---

[13]　(...continued)
detrimental to the integrity and standing of the Bar, or to the administration of justice, or subversive of the public interest. . . . (Emphasis added.)

[14]　*Wiederholt II*, 24 P.3d at 1225.

[15]　*Id.* (citing *In re Pier*, 561 N.W.2d 297, 300 (S.D. 1997) (listing a large number of cases from other jurisdictions and summarizing the requirements they have set out for reinstatement)).

record, including the opinion of psychiatrist Dr. Aron Wolf.[16] The Committee found by clear and convincing evidence that: Wiederholt has accepted responsibility for his prior wrongdoings;[17] Wiederholt has become rehabilitated from his pre-disbarment conduct;[18] his post-disbarment conduct has been consistent with what is expected of an Alaska Bar Association member in good standing;[19] Wiederholt's character, maturity, and experience have changed dramatically for the better since his disbarment;[20] his competency and qualifications to practice law are consistent with readmission;[21] there are no restitution issues and Wiederholt has apologized to each of his victims;[22] his return to the practice of law will not be detrimental to the integrity and standing of the Bar or the administration of justice;[23] his remorse is genuine;[24] and he is not likely to reoffend.[25] The Committee was also influenced by the fact that Bar Counsel could identify no reason why Wiederholt should not be readmitted.[26] The Committee considered the entire

---

[16]    *Committee Recommendation* at 5-7, ¶ 4.

[17]    *Id.* at 8, ¶ 5.

[18]    *Id.* at 8, ¶ 6.

[19]    *Id.* at 9, ¶ 8.

[20]    *Id.* at 10, ¶ 9.

[21]    *Id.* at 10, ¶ 10.

[22]    *Id.* at 10-11, ¶ 11.

[23]    *Id.* at 11, ¶ 12.

[24]    *Id.* at 11, ¶ 13.

[25]    *Id.*

[26]    *Id.* at 12, ¶ 15.

record, applied the *Pier* factors, found Wiederholt credible, and found his present moral fitness "exemplary."[27] Accordingly, the Committee concluded that he met his burden of proving by clear and convincing evidence that he has the moral qualifications, competency, and knowledge of the law required for the readmission to the practice of law.[28] The Committee unanimously recommended that Wiederholt be reinstated. Bar Counsel did not oppose reinstatement nor did Bar Counsel recommend that any conditions be placed upon his reinstatement,[29] and the Committee made no recommendation for conditions.

As stated above, the Disciplinary Board unanimously adopted the Committee's findings of fact and conclusion of law, and recommended that this court reinstate Wiederholt. But a majority of the Board also recommended that we place two conditions on Wiederholt's reinstatement: three years of mentoring and a requirement that he disclose the fact and basis of his disbarment to any prospective clients for the same period of time. Wiederholt challenges the length of the mentoring condition and the disclosure condition.

## IV.

We will independently exercise our judgment concerning a reinstatement petition in at least two respects: we independently review the entire record while giving

---

[27]     *Id.* at 12-14.

[28]     *Id.*

[29]     Courtsmart, 1/9/13 OA: 9:18:25-9:20:50 (statement of Bar Counsel Mark Woelber at oral argument).

the Board's findings of fact great weight, and we independently exercise our judgment concerning the Board's recommendation.[30]

Although there is no Alaska authority that directly addresses the questions before us, we begin with the principle that this court possesses inherent authority to place reasonable, relevant conditions upon a disbarred lawyer who seeks reinstatement to the practice of law, regardless of whether the Committee or the Board recommends conditions on reinstatement. Wiederholt does not cite any case from any jurisdiction that would limit the authority of a high court from doing so. Bar Rule 29, pertaining to reinstatement, does not address the issue.

The Board cites to *In the Reinstatement Matter Involving Cavanaugh*[31] and *In the Disability Matter Involving Gould*[32] as potentially relevant authorities.

*Cavanaugh* stated that probation following reinstatement from suspension cannot be imposed when no probation was originally ordered since that would amount to the imposition of additional discipline not contained in the original order.[33] In *Gould* we reinstated a lawyer from disability inactive status subject to conditions recommended by the Board.[34] The present petition is substantively different from a case where the court imposes probation under Bar Rules 16(a)(3) or 28(e) or reinstates a previously disabled inactive attorney, and neither case controls the issue before us now. For example, it would not be surprising that, in its order suspending an attorney, this court

---

[30]    *In the Reinstatement Matter Involving Wiederholt*, 182 P.3d 1047, 1048 (Alaska 2008) (*Wiederholt IV*).

[31]    Alaska Supreme Court Order No. 08333 (Aug. 6, 1998).

[32]    Alaska Supreme Court Order No. 14011 (Feb. 16, 2012).

[33]    Alaska Supreme Court Order No. 08333 (Aug. 6, 1998).

[34]    Alaska Supreme Court Order No. 14011 (Feb. 16, 2012).

might impose conditions upon reinstatement following suspension from the practice of law because it is contemplated that the lawyer is going to return to the practice of law once the suspension is complete. Though disbarment is not considered to be a permanent condition, there is a presumption against reinstatement after disbarment,[35] and therefore it would be unusual for this court to impose conditions on reinstatement in its disbarment order because reinstatement is not contemplated.

Other jurisdictions commonly reinstate disbarred attorneys with conditions. In *In the Matter of the Disciplinary Proceeding Against Rosellini*, the Washington Supreme Court reinstated an attorney disbarred for misuse of client trust account funds conditioned upon three-year supervised probation.[36] After describing a number of cases from both Washington and other jurisdictions where conditions had been imposed after periods of disciplinary suspension or disbarment, the court explained:

> The American Bar Association has also endorsed the use of probation as an appropriate method of attorney discipline. Probation allows a lawyer to practice law under specified conditions and may be imposed alone, in conjunction with

---

[35]     *In the Matter of the Reinstatement of Wiederholt*, 24 P.3d 1219, 1223 (Alaska 2001) (*Wiederholt II*).

[36]     739 P.2d 658, 663-65 (Wash. 1987) (listing Washington and other cases). Other examples of decisions that have conditioned the reinstatement of attorneys on their compliance with certain requirements include *In re Ellis*, 930 N.E.2d 724, 728-29 (Mass. 2010) (reinstating petitioner provided that he, *inter alia*, not engage in any personal injury or workers' compensation cases or represent any family members for a period of five years, and that he purchase malpractice insurance); *In re Reinstatement of Anderley*, 696 N.W.2d 380, 386 (Minn. 2005) (conditioning petitioner's reinstatement on the requirement that he not engage in solo practice of law and that he be placed on indefinite probation); *In re Evans*, 669 S.E.2d 85, 88-89 (S.C. 2008) (reinstating petitioner who had been disbarred for felony DUI causing death, provided that he, *inter alia*, continue to participate in twelve-step program for at least two years and enter into two-year monitoring contract with an attorney group).

other discipline, or after disbarment. *ABA Standards for Imposing Lawyer Sanctions*, Standard 2.7 (Approved Draft, 1986).[37]

The Commentary to ABA Standard 2.10 Readmission and Reinstatement provides that "conditional reinstatement can occur when appropriate. Conditions that can be imposed include probation (see Standard 2.7) or other sanctions or remedies (see Standard 2.8)." While Standard 2.7 Probation clearly contemplates supervision or mentoring, neither Standard 2.7 Probation nor Standard 2.8 Other Sanctions and Remedies explicitly suggests a condition of disclosure of the prior disbarment, though the Commentary to Standard 2.7 includes a general, catch-all "other conditions as are appropriate for the misconduct" standard, and Standard 2.8(g) provides for "other requirements that the state's highest court or disciplinary board deems consistent with the purposes of lawyer sanctions."

The Board's recommended mentoring condition is relevant to Wiederholt's misconduct and it advances several purposes served by lawyer discipline when a disbarred attorney seeks reinstatement following disbarment: promoting the petitioner's rehabilitation, protecting the public, maintaining the integrity of the court and of the Bar, and advancing the administration of justice. A reasonable period of mentoring by another attorney serves to support and monitor the reinstated attorney; to help that attorney successfully perform his duties consistent with the requirements for the attorney's ethical obligations, knowledge of the law, and the administration of justice; and to discover and report if the attorney fails to meet these obligations. A mentoring condition also can foster public understanding and acceptance of the reinstatement. In the words of the Washington Supreme Court:

---

[37]     *Rosellini*, 739 P.2d at 664.

We believe conditional reinstatement is appropriate in the present case, providing a gradual and supervised reentry into the profession. To the extent any doubts remain about Rosellini in the minds of the bar or the public, they will be better dispelled by observing and supervising his performance in practice than by requiring him to sit idly by while awaiting a later opportunity to reapply for reinstatement.[38]

We conclude that a three-year period of mentoring is reasonable and appropriate in this case. A one-year period may be too short to give Wiederholt enough time to benefit from the mentoring and oversight he will receive. And we do not perceive that a three-year period is punitive or excessive. We envision the mentoring process to be one where Wiederholt will propose the names of attorneys, satisfactory to Bar Counsel, who have agreed to mentor him. These attorneys shall be required to both mentor and monitor Wiederholt's work and professional conduct. The mentors shall report periodically, in intervals to be determined by Bar Counsel, on Wiederholt's progress and report any problems or violations that the mentoring attorneys believe may have occurred.

On the other hand, a requirement to advise potential future clients of the fact and basis of Wiederholt's previous disbarment is not reasonable, at least on the facts of this case. As Bar Counsel explained at oral argument, this condition was not requested by Bar Counsel[39] and we are unaware of any case where such a condition has been imposed. The Disciplinary Board did not discuss or provide any explanation of the purpose of this condition in its Recommendation.

---

[38]    *Id.*

[39]    *See supra* note 29.

Mandatory disclosure could be perceived to be a "scarlet letter" of shame and as such would be inconsistent with the idea that reinstatement following disbarment indicates the petitioner has been found to be rehabilitated and qualified to practice law. Imposing a disclosure requirement on Wiederholt would seem to be altogether inconsistent with his readmission to the practice of law. We have been given no explanation how disclosure might serve any useful purpose here. Because Wiederholt's readmission is founded on our conclusion that he presents no danger of misconduct to future clients, we decline to impose a disclosure condition. We observe that because all of our decisions relating to Wiederholt's disbarment and repeated attempts at reinstatement have been published, they are readily available to any potential client who chooses to conduct research prior to retaining Wiederholt.

## V.

Having independently reviewed the record and the findings and recommendations of the Area Hearing Committee and the Disciplinary Board of the Alaska Bar Association, we agree with the Board's findings of fact, conclusion of law, and recommendation for reinstatement, and in the exercise of our independent judgment we grant Wiederholt's petition for reinstatement to the practice of law. We impose as a condition of reinstatement that Wiederholt be mentored by an actively practicing Alaska attorney (or group of attorneys) for a period of three years, as explained in this opinion. We do not accept the Board's recommendation that Wiederholt's reinstatement be conditioned on disclosure of his disbarment.

BEFORE THE ALASKA BAR ASSOCIATION

DISCIPLINARY BOARD

In The Reinstatement Matter )
Involving ) Supreme Court No. S-14690
)
JON E. WIEDERHOLT, )
)
Petitioner. )
_____ )

ABA Membership No. 8312172
ABA File No. 2012R002

## FINDINGS, CONCLUSIONS, AND
## RECOMMENDATION
## OF DISCIPLINARY BOARD

This reinstatement matter came before the Disciplinary Board of the Alaska Bar Association on October 26, 2012. The Board, having considered the report of the area hearing committee filed October 3, 2012, hereby

ADOPTS the findings, conclusions and recommendation of the area hearing committee contained in that report as its findings, conclusions, and recommendation in this matter. Although there was concern regarding the risk of future harm, for the majority, that concern did not rise to the level of substantial concern warranting an objection to Jon Wiederholt's reinstatement.

Those in the majority, recognizing that it is the Supreme Court's discretion to impose conditions, would prefer that, for three years following reinstatement, there be some oversight in which Mr. Wiederholt has a professional mentor who is required to

report to the Bar Association any areas of concern, and that Mr. Wiederholt disclose to future clients the fact of his prior disbarment and the basis for his disbarment.

DATED this 26th day of October, 2012 at Anchorage, Alaska.


/s/ Hanna Sebold
President
Disciplinary Board

BEFORE THE ALASKA BAR ASSOCIATION
AREA HEARING COMMITTEE
THIRD JUDICIAL DISTRICT

| | | |
|---|---|---|
| In The Reinstatement Matter | ) | |
| Involving | ) | Alaska Bar Association |
| | ) | Filed and Entered on |
| JON E. WIEDERHOLT, | ) | Oct -3 2012 |
| | ) | Pursuant to the Rules of |
| Petitioner. | ) | Disciplinary Enforcement |
| | ) | |

ABA Membership No. 8312172
ABA File No. 2012R002

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND**
**RECOMMENDATIONS OF AREA HEARING COMMITTEE**

On September 17, 2012, a hearing was held before the Area Hearing Committee Panel (the "Panel") assigned to hear the above-referenced Petition for Reinstatement. Based upon witness testimony, the record as stipulated by the Petitioner and Bar counsel, counsel's briefing and arguments and all other matters in the record, the Panel hereby makes its Findings of Fact, Conclusions of Law and Recommendations to the Disciplinary Board:

APPLICABLE LEGAL STANDARD

Alaska Bar Rule 29(c)(1) provides in pertinent part that:

> . . . the Petitioner will have the burden of demonstrating by clear and convincing evidence that (s)he has the moral qualifications, competency, and knowledge of law required for admission to the practice of law in this state and that his or her resumption of the practice of law in this state will not be detrimental to the integrity and standing of the Bar or to the administration of justice, or subversive of the public interest; . . .

In *In Re Wiederholt*, 24 P.3d 1219 (Alaska 2001), the court recognized the presumption against the reinstatement of a disbarred attorney, noting a principle purpose behind the presumption is to protect the public. *Supra* at 1223. The court identified factors set out in *In Re Pier*, 561 N.W.2d 297 (S.D. 1997), as helpful in determining whether Petitioner has met the necessary standards for reinstatement.

Those factors include:

1. The Petitioner's present moral fitness;

2. The Petitioner's acceptance of wrongdoing with sincerity and honesty;

3. The extent of the Petitioner's rehabilitation;

4. The nature and seriousness of the original misconduct;

5. The Petitioner's conduct following the discipline;

6. The time lapsed since the original discipline;

7. The Petitioner's character, maturity, and experience at the time of discipline and at present;

8. The Petitioner's current competency and qualifications to practice law;

9. Restitution; and

10. Proof the Petitioner's return to the practice of law will not be detrimental to the integrity and standing of the Bar or the administration of justice, or subversive of the public interest.

*In Re Reinstatement of Wiederholt*, *supra* at 1225.

FINDINGS OF FACT

1. Petitioner, Jon E. Wiederholt, was disbarred from the practice of law in the State of Alaska by Order of the Alaska Supreme Court, dated July 8, 1994. The factual

basis and circumstances leading to the Court's action are set forth in the case *In Re Disciplinary Matter Involving Wiederholt*, ("*Wiederholt I*") 877 P.2d 765 (Alaska 1994).

2.     Since his 1994 disbarment, Petitioner has filed five Petitions for Reinstatement with the Alaska Bar Association. This is Petitioner's fifth Petition for Reinstatement. This matter's procedural history is summarized below for Disciplinary Board's reference:

| Date | Pleadings | Action |
|---|---|---|
| 12/10/92 | Area Hearing Panel's Decision on Bar Association Grievances | Upheld Grievances |
| 2/22/93 | Area Hearing Panel's Findings and Recommendations on Sanctions | Recommended Disbarment |
| 6/10/93 | Disciplinary Board's Recommendations | Adopts Hearing Panel's Recommendation of Disbarment |
| 7/8/94 | Alaska Supreme Court Decision 877 P.2d 765 (Alaska 1994) ("**Wiederholt I**") | Affirms Disciplinary Board's Recommendation of Disbarment |
| **6/22/99** | **1st Petition for Reinstatement** | |
| 2/3/00 | Area Hearing Panel's Decision on 1st Petition for Reinstatement | Recommended Denial of Reinstatement |
| 3/10/00 | Disciplinary Board's Findings, Conclusions, and Recommendation on 1st Petition for Reinstatement | Adopts Findings and Conclusions of Area Hearing Committee, and Recommends Denying Reinstatement |
| 6/15/01 | Alaska Supreme Court Decision 24 P.3d 1219 (Alaska 2001)("**Wiederholt II**") | Affirmed Disciplinary Board's Decision Denying Reinstatement |
| **2/27/02** | **2nd Petition for Reinstatement** | |
| 11/14/02 | Area Hearing Panel's Findings of Fact, Conclusions of Law, and Recommendations of Area Hearing Committee Panel | Recommended Reinstatement |

| | | |
|---|---|---|
| 5/12/03 | Disciplinary Board's Recommendation on 2nd Petition for Reinstatement | Rejects Area Hearing Committee's Recommendation; Recommends Denying Reinstatement |
| 6/22/04 | Alaska Supreme Court Decision 89 P.3d 771 (Alaska 2004) ("**Wiederholt III**") | Affirmed Disciplinary Board's Decision Denying Reinstatement |
| **6/05/05** | **3rd Petition for Reinstatement** | |
| 7/15/05 | Alaska Supreme Court | Rejected or Dismissed 3rd Petition as untimely under Bar Rule 29 |
| **4/23/06** | **Motion for Summary Reinstatement filed with Alaska Supreme Court** | |
| 6/22/06 | Alaska Supreme Court | Denied Summary Reinstatement and Remanded to Bar Association for further proceedings |
| **6/30/06** | **Motion for Reinstatement – 4th Petition for Reinstatement** | |
| 10/31/06 | Area Hearing Panel's Decision on 4th Petition for Reinstatement | Majority Recommends Reinstatement |
| **4/1/12** | **5th Petition for Reinstatement** | |
| 4/1/12 | Motion to Determine Law of the Case Respecting Post-Reinstatement Conditions Filed with Alaska Supreme Court | |
| 4/1/12 | Motion for This Court to Exercise Original Jurisdiction Filed with Alaska Supreme Court | |
| 4/1/12 | Motion for Summary Reinstatement; Alternatively Motion for Hearing Limited to Rehabilitative Time Since September 2006 Filed with Alaska Supreme Court | |
| 4/1/12 | Motion for Re-Appointment of Hearing Committee Filed with the Alaska Supreme Court | |

| 6/1/12 | Alaska Supreme Court Order | Motions for Summary Reinstatement, to Determine the Law of the Case Respecting Post-Reinstatement Condition, for this (Supreme) Court to Exercise Original Jurisdiction and for Reappointment of the Hearing Committee Denied |
|---|---|---|

3. More than five years have passed since Petitioner's disbarment in 1994 and Petitioner was last denied reinstatement on March 28, 2008. The Panel finds, pursuant to Alaska Bar Rule 29(b)(5), more than two years have passed since "the effective date of the court's most recent order denying reinstatement" and, therefore, Petitioner is factually and legally eligible to be considered for readmission to the practice of law.

4. Eleven witnesses, including Petitioner, were called by Petitioner to testify at the hearing. Six of the witnesses were members of the Alaska Bar, Ronald Offret, Laurel Peterson, Gregory Parvin, Joshua Fink, Steven Priddle and J. Robert Woofter, who have employed Petitioner as a paralegal covering the years beginning shortly after his disbarment to the present. One witness, Angela Hammon, was a paralegal who was acquainted with Petitioner's work as a paralegal, two witnesses, Mike and Bari Lasky, were personal friends who have known Petitioner since junior high school, and the last witness was Petitioner's wife, Lisa Behrens, who met Petitioner through his work as an EMT. All of the witnesses testified to Petitioner's good moral character, freedom from drug or alcohol problems, and his freedom from anger issues. In the case of the legal professionals, they testified to his excellent legal knowledge and skills, his ability to work well with his supervisors and subordinates, his ability to handle stress, his freedom from arrogance and their opinion his readmission to the Bar will not discredit the legal profession. Those lawyers currently practicing all testified to the effect that they trusted Petitioner with their client's affairs and would hire Petitioner if he was readmitted and

they had an opening. The Panel finds all of the witnesses credible but some of the testimony was more or less persuasive based on the witnesses' level of familiarity with Petitioner, the circumstances of his disbarment and his subsequent efforts at rehabilitation. Rather than summarize their individual testimony, the Panel will cite specific pertinent testimony in connection with its Findings of Fact and consideration of the *Pier* factors.

4. The Panel finds Petitioner has met his burden of demonstrating by clear and convincing evidence that he currently possesses the requisite moral fitness to practice law in this state based on the following:

    (a)    The attorney witnesses who testified on behalf of Petitioner testified uniformly to his legal knowledge and found it consistent with adherence to the Alaska Rules of Professional Conduct.

    (b)    Both the lawyer and lay witnesses testified to Petitioner's adherence to moral and ethical standards both in Petitioner's private and professional life. Although the lay witnesses who knew Petitioner the longest were apparently unaware of any moral or ethical issues concerning Petitioner at the time of the acts that led to his disbarment, their testimony to his character in his personal relationships and the current absence of the personality traits that undoubtedly contributed to Petitioner's disbarment is consistent with the testimony of the lawyer witnesses and uncontradicted.

    (c)    Petitioner's testimony consistently demonstrated his acknowledgment that the Board and Court decisions which resulted in his disbarment were correct, his remorse over his conduct and recognition he was solely responsible for the conduct that led to his disbarment. He specifically testified he was deserving of discipline

and the Bar acted correctly. He expressed remorse over the effect of his behavior on the community and recognized his reputation was damaged through his own fault. He acknowledged his conduct gave credence to attorneys' poor reputation in general. The Panel concludes Petitioner has demonstrated through his words and acts over the lengthy period since his disbarment, that he has the moral fitness to avoid the conduct, particularly the dishonest conduct, which resulted in his disbarment.

(d)     As noted in the findings of previous Panels, Petitioner has, either personally or in writing, apologized to each and every victim of his past misconduct and all but one accepted his apology.

(e)     Dr. Aron Wolf did not testify before this Panel. However, the findings concerning his opinions are included in the stipulated record and further substantiate a material change in Mr. Wiederholt's mental fitness to return to the unsupervised practice of law.

(f)     Although the lay witnesses at the recent hearing testified to substantial changes in Petitioner's maturity since the acts which led to his disbarment, illustrated by his commitment to training and working as an EMT during the years after his disbarment, their testimony was less persuasive than the testimony of Mr. Peterson and Mr. Woofter who both testified to Mr. Wiederholt's shortcomings either prior to or shortly after his disbarment and marked improvement in his attitude and behavior toward and respect for others, particularly adversaries in legal proceedings.

5. Based upon the observations in the preceding paragraphs, the Panel also finds Petitioner has demonstrated by clear and convincing evidence he has accepted responsibility for the wrongdoings, which led to his disbarment, with sincerity and honesty. All of the witnesses testified Petitioner has referred to the events leading to his disbarment in conversation with the witnesses and the witnesses uniformly testified Petitioner has made no attempt to minimize his responsibility for the disbarment.

6. The Panel finds the extent of Petitioner's rehabilitation is consistent with readmission to the Alaska Bar Association. By all accounts, Petitioner has completely altered his personality as it relates to his work as a paralegal. He is respectful of his supervisors and support staff and has tempered his legal writing. According to the lawyer witnesses, he conducts himself in a manner consistent with conduct expected of a member of the Bar, which reflects substantial rehabilitation from his conduct prior to disbarment. In addition, his training and work as an EMT exhibits a desire to help others while performing an important function in the community, which further evidences his desire to make reparation for his prior antisocial conduct.

7. The Panel considers Petitioner's prior misconduct to be in the category of the most serious misconduct, which certainly warranted disbarment. However, the Bar Rules allow for the possibility of readmission. Moreover, Petitioner has attempted, insofar as he is able, to apologize to his former victims, has accepted responsibility for and undertaken to alter the conduct which led to his disbarment. Petitioner testified he has tried for 18 years to not be the person the Supreme Court found him to be and there is no length he would not go to prove to the Supreme Court his character, maturity, and experience are worthy of readmission to the Bar. His testimony is credible. The Panel finds these factors entitle him to consideration for readmission notwithstanding the seriousness of the original conduct.

8. Based upon the entire record and the testimony of all witnesses at the hearing, the Panel finds clear and convincing evidence Petitioner's conduct since his disbarment has been consistent with the conduct expected of a member of the Bar Association. Although Petitioner was slow to accept the wrongful nature of his conduct, by all accounts his conduct since disbarment has been consistent with the conduct expected of a member of the Bar.

9. The Panel finds by clear and convincing evidence the elapsed time since Petitioner's original disbarment is consistent with readmission to the Bar. The Bar Rules permit readmission to the Bar and provide that, after the minimum five-year period prescribed in the Rule, reinstatement becomes possible. Assuming Petitioner has otherwise demonstrated that he should be readmitted, despite the serious nature of Petitioner's misconduct at the time of discipline, the Panel believes an adequate time period has elapsed since the original discipline. The Panel finds clear and convincing evidence Petitioner's character, maturity and experience have changed dramatically between the time of discipline and the present. This is most dramatically illustrated by Petitioner's position taken at the time of the original disciplinary proceedings where he did not appreciate the clearly inappropriate nature of his conduct and his responsibility for that conduct. As discussed above, Petitioner's subsequent acceptance of responsibility for the conduct and its consequences, and his genuine embarrassment and remorse over the conduct, demonstrate improvement in character, growth in maturity and life experience. Based upon witness testimony, Petitioner has had a genuine change in his personality, character and approach to life and the practice of law from the individual who committed the acts, which led to his disbarment.

10. The Panel finds by clear and convincing evidence Petitioner's competency and qualifications to practice law are consistent with readmission to the Bar Association. There does not appear to be any significant issue with respect to Petitioner's abilities to

analyze legal problems, legal research or writing. All of the lawyer witnesses testified to Petitioner's excellent legal knowledge and abilities. He has kept abreast of technological advances in the legal profession and stayed current with legal issues.

11. The Panel finds by clear and convincing evidence there are no restitution issues that present any obstacle to readmission to the Bar Association. Petitioner, either personally or in writing, apologized to each and every one of his victims, which demonstrates a sincere attempt to make reparation and there appears to be no necessity for restitution for his conduct.

12. The Panel finds by clear and convincing evidence Petitioner's return to the practice of law will not be detrimental to the integrity and standing of the Bar or the administration of justice or subversive of the public interest. All of the lawyer witnesses at hearing and, based upon prior hearings' records, additional lawyers who testified on Petitioner's behalf, stated Petitioner's readmission to the Bar Association would not, in their opinions, bring discredit to the Bar. Indeed, witnesses at the current hearing testified Petitioner's readmission would be to the Bar's credit and demonstrate the Bar's ability to accept Petitioner's sincere rehabilitation and reformation.

13. Petitioner's notoriety due to the disbarment and multiple attempts at readmission assure Petitioner is extremely unlikely to repeat the conduct which led to his disbarment since any adversary would likely be on the lookout for any such conduct, even if the Petitioner were likely to repeat it. The Panel does not believe Petitioner is likely to reoffend because his remorse is genuine and no one in his position would willingly risk repeating the humiliation, which resulted from his previous conduct. The willingness of a numerous and diverse group of lawyers to unequivocally recommend Petitioner's readmission to the Bar when they clearly recognize any subsequent offense by the Petitioner would, at the very least, bring their own judgment into question, is persuasive evidence Petitioner's readmission and subsequent return to the practice of law

will not harm the integrity and standing of the Bar. In addition, the evidence of the lawyer witnesses, who confirmed most of their clients, after being advised of Petitioner's previous disbarment, still maintained a positive attitude toward Petitioner and his involvement in their cases, is determinative Petitioner's readmission will not be subversive of the public interest.

14. The Panel is also persuaded by Petitioner's testimony concerning his isolation as an attorney at the time of the incidents that led to his disbarment. That isolation likely contributed to the behavior that led to his disbarment. Through his work with attorneys over the years Petitioner has developed a network of contacts within the legal community who support his reinstatement and are likely to support his efforts to reestablish himself in the legal community. His expressed intention to seek employment where he would work with colleagues shows intent on his part not to repeat the mistakes that put him in this position and insight concerning changes necessary to assure a successful return to the practice of law if he is readmitted.

15. A final factor, which influenced the Panel's conclusion, was Bar counsel's response to a question whether he could identify any reason why the Petitioner should not be readmitted to the practice of law. Bar counsel has represented the Bar Association from the time of the disbarment proceedings against Petitioner to the present. His inability to identify or articulate any reason standing in the way of Petitioner's readmission, demonstrates to the Panel if the Bar Rule allowing for readmission in appropriate circumstances is to have any meaning the Petitioner must be readmitted.

16. When applying the *Pier* factors, and the entire record in this matter, reinstatement is proper. Petitioner is credible. He has learned from his misconduct and his present moral fitness is exemplary; he has accepted his wrongdoing with sincerity and honesty, displays appropriate remorse, and acknowledges his misconduct is entirely his fault and there are no excuses for his past behavior; over the past 18 years has exhibited

professionalism and integrity in his work as a paralegal evidencing he has been rehabilitated; the nature and seriousness of his original conduct warranted disbarment, however, his conduct following discipline has been upstanding and justifies reinstatement; 18 years have passed since disbarment, which is a sufficient disbarment period considering the original misconduct; Petitioner is no longer the person he was when he engaged in the conduct which led to his disbarment, he has matured, maintains high moral standards, is of honorable character, is reserved and mature, and has gained valuable legal experience serving as a paralegal for the past 18 years; he is competent and qualified to practice law in the State of Alaska; he has made sincere apologies in face-to-face meetings or in writing to all whom were victimized by his misconduct; and finally, Petitioner's return to the practice of law will not be detrimental to the integrity and standing of the Bar or the administration of justice, or subversive of the public interest because Petitioner is committed to not be the person the Supreme Court found him to be, he no longer feels he has to win every battle along the way to zealously represent clients, and understands the critical importance of collegiality amongst members of the Bar, for him practicing law with integrity and in a way that will not be subversive to the public involves a bright line over which the Panel is persuaded he will never step again.

## CONCLUSIONS OF LAW

Based upon the foregoing, the Panel concludes Petitioner has met his burden of proving by clear and convincing evidence he has the moral qualifications, competency, and knowledge of law required for admission to the practice of law in the State of Alaska, and his resumption of the practice of law in this state will not be detrimental to the integrity and standing of the Bar or to the administration of justice or subversive of the public interest.

## RECOMMENDATIONS

In light of the Panel's findings of fact and conclusions of law, the Panel recommends Petitioner be reinstated to the practice of law.

Dated this 1st day of October 2012.

/s/ Timothy M. Stone, Chairman
Area Hearing Committee

/s/ Janel L. Wright, Member
Area Hearing Committee

/s/ Fran Talbott, Public Member
Area Hearing Committee