Order
Bar Counsel for the Alaska Bar Association and attorney Erin A. Pohland entered into a stipulation for discipline by consent that would result in Pohland's disbarment.[1] The Bar Association's Disciplinary Board ap-. proved the stipulation and now recommends that we do so, as well, and disbar Pohland. The facts of Pohland's misconduct are set forth in the stipulation, which is attached as an appendix.[2] We take these facts as true,[3] and we apply our independent judgment to the proposed sanction's appropriateness.[4]
Based on the uncontested facts we agree with the legal analysis-set out in the stipulation-that disbarment is the appropriate sanction for Pohland's misconduct. Accordingly: -
*912 Erin A. Pohland is pIsBARRED from the practice of law in Alaska effective May 6, 2013.
Pursuant to Alaska Bar Rule 22(b), Erin A. Pohland, Respondent, and Louise R. Dris-coll, Assistant Bar Counsel stipulate as follows:
JURISDICTION AND VENUE
1. Erin A. Pobhland is, and was at all times pertinent, an attorney at law admitted to practice by the Supreme Court of Alaska, and a member of the Alaska Bar Association. At all times relevant Pohland practmed law in Anchorage, Third Judicial District, Alaska,
2. For reasons outlined below, the Alaska Supreme Court placed Pohland on interim suspension from the practice of law, effective December 2, 2011.
8. Pobhland is, and was at all times pertinent, subject to the Alaska Rules of Professional Conduct and to Part II, Rules of Disciplinary Enforcement, Alaska Bar Rules, giving the Alaska Supreme Court and the Disciplinary Board of the Bar jurisdiction to resolve this matter. .
BACKGROUND FACTS
4. On December 80, 2010, Pohland and a friend entered a store with shopping carts and reusable shopping bags. <The women obtained a wire cutter from the hardware section of the store and used the wire cutter to cut security tags off of shoes. The women put the shoes into the reusable shopping bags and returned the empty skoe boxes to the shelves They added items from throughout the store to the bags. They concealed a total of $1,020.08 of merchandise in the reusable bags and combined the bags into one cart, Pohbland's friend pushed the cart out of the store without paying for the merchandise. Pohland accompanied her.
5. Store policy is to stop and arrest the person: pushing the cart. Pobland's friend was detained,. Pohland was allowed to leave the premises before police arrived.
6. Surveillance video documented the actions of the two women. Persons watching the video during a monthly meeting between Loss Prevention employees of the store and Anchorage Police Department detectives were able to identify Pohland as a good friend of and current tenant living in an apartment at the house of the woman who had been detained.
7. At the time of the shoplifting incident, Pohland was an attorney at the Alaska Department of Law and her friend was working for the Alaska State Employees Association (ASEA).
8. On September 9, 2011, Pohland blead— ed guilty to concealment of merchandise in violation of AS 1146.220(a) and AS 11,46.220(c)(@2)(A), a nusdemeanor shophftmg offense,.
9. The court sentenced Pohland to 90 days in jail with 90 days suspended. She was ordered to perform 100 hours of community service and placed on a three-year probation.
10. Under Bar Rule 26 (Criminal Convietion; Interim Suspension) the Alaska Supreme Court will enter an order of interim suspension after an attorney has been convicted of a serious crime. Bar Rule 26(b) defines a "serious crime" as:
any crime which is or would be a felony in the State of Alaska and shall also include any lesser crime a necessary element of which, as determined by the statutory or common law definition of such erime, involves conduct as an attorney, interference with the administration of justice, false swearing, misrepresentation, fraud, deceit, bribery, corruption, extortion, misappro- . priation, theft, or an attempt or a conspiracy or sohcltatlon of another to commit a "serious crime."
11. Alaska Statute 11.46.220 (Concealment of Merchandise) is listed under Article 1, Theft and Related Offenses, of Chapter 46, Offenses Against Property. This conviction is considered a serious crime under Bar Rule 26(b).
12, The Alaska Supreme Court placed Pohland on interim suspension from the practice of law, effective December 2, 2011, on consideration of the Judgment entered in *913 State v. Pohland, Case No. 3AN-11-886 in District Court of the State of Alaska.
18. On January 30, 2012, the State of Alaska filed an Information in state District Court against Pohland's friend for two counts of falsifying business records and two counts of forgery in the second degree, The State charged Pohland with 'one count of Official Misconduct under AS 11.56.850,
14, On March 6, 2015, State Ass1stant District Attorney Clinton M. Campion filed an Amended Information against Pohland, who formerly worked as an assistant attorney general, The State alleged that as a public servant, Pohland, with intent to obtain a benefit, performed an act relating to the public servant's office but constituting an unauthorized exercise of the public servant's official function, knowing that act was unauthorized.
15. As an assistant attorney general Poh-land provided legal advice and counsel to the Alaska Department of Labor and Workforce Development. In June 2010, the staff of the Alaska Labor Relations: Agency (ALRA) met with Pohland to discuss their concerns about potentially forged interest cards used to support a demand for an election to organize several hundred employees of the University of Alaska, The staff discussed their suspicions that Pohland's friend was involved in the submission of forged interest cards.
16. Pohland provided legal advice to ALRA staff on multiple occasions between June 9 and June 24, 2010. At trial, two assistant attorneys general and the former assistant commissioner for the Department of Labor and Workforce Develdpment testified that Pohland consulted with them about the forged interest cards and how to handle the issue, At the time she provided legal advice to the ALRA staff, Pohland engaged in regular text messages with her friend about the petition prepared by the ASEA.
17. In August 2010, a former employee of the ASEA notified Alaska State Troopers to report her concerns about the allegedly forged interest cards. Following a criminal investigation, the State. charged Pohland and her friend with eriminal misconduct. On
February 25, 2018, Pohland's friend was convicted of forgery in the ~second degree, a class C felony.
18. - On October 21, 2015, following trial, a jury convicted Pohland of official misconduct, a class A misdemeanor. She was sentenced to 120 days in jail with 120 days suspended. She was fined $5,000 with the fine to be offset by restitution due to ALRA on August 21, 2018. Pohland was placed on probatxon for three years. ~
19.- During mizestigatipn of Pohland for official misconduct, evidence was discovered that Pohland and her friend engaged in multiple shoplifting thefts and that the single act of theft when she was caught was not an isolated act as Pohland represented to the court. |
DISCIPLINARY VIOLATIONS
20. Under Alaska Rule of Professional Conduct 8.4(b) it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."
21. Pohland violated Rule 8.4(b) when she concealed merchandise and facilitated its removal from the premises of a store in midtown Anchorage in late December 2010,
22. Pohland was convicted of Official Misconduct arising out of her representation of the Department of Labor and Workforce Development. Her conviction is evidence that she violated Rule 8.4(b) because the misdemeanor conviction reflects adversely on her honesty, trustworthiness or fitness as a lawyer. ,
28, Rule 1. 7(a)(2) (Conflict of Interest) prohibits a lawyer from representing a client if there is a "significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer."
, 24. Pohland admits, and admitted at trial, that she was operating under a conflict when she represented ALRA in 2010. She was a personal friend of one of the ASEA union *914 organizers. ALRA suspected that Pohland's friend had forged union interest cards. Poh-land admits she should have disclosed this conflict to her client.
25. The prosecutor did not allege that Pohland necessarily knew that the interest cards were forged. The prosecutor did not allege that the only appropriate legal advice that Pohland should have given to ALRA was to report the alleged forgery to a law en-foreement agency. The prosecutor did not allege that Pohland had a legal duty to report the alleged forgery directly to a law enforcement ageney. The prosecutor alleged that Pohland was prohibited from advising ALRA about the ASEA petition and interest cards because she provided advice with the intent to obtain a benefit for her friend.
26. Pohland, notwithstanding the failure to disclose the conflict, states that she gave the proper legal advice to ALRA regarding the labor union election and that the advice she gave was detrimental to her friend's goals,
27, Pohland has filed a notice of appeal regarding her conviction of Official Misconduct One issue is whether the crime requires a showing that Pohland intended to confer a benefit on another, Evidence at trial was that Pohland advised ALRA to re-jeet a union petition, and this was detrimental to her friend's interests.
28. While Pohland will contend on appeal that the trial court incorrectly instructed the jury regarding the elements of Official Misconduct, she admits that she violated Rule 1.7 by her failure to disclose the conflict of interest to her client ALRA.
29. The second primary issue on appeal is that a search of Pohland's home was illegal.
30. Alaska Rule of Professional Conduct 8.4(c) states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." Pohland was dishonest when she failed to disclose to her client that she was personal friends with the ASEA employee in question.
81. Records of texts exchanged between Pohland and her friend show that Pohland engaged in shoplifting from several stores in Anchorage over a period of months before she was charged and convicted of shoplifting. Each time she removed an item from store premises without paying for it, Pohland engaged in dishonest, deceitful conduct.
SANCTION ANALYSIS
32. The American Bar Association Standards for Imposing Lawyer Sanctions (1986) (ABA Standards), adopted in In re Bucka-lew, 781 P.2d 48 (Alaska 1986), and reported decisions 'of the Alaska Supreme Court, govern the sanctions for respondent's misconduct.
38. Under ABA Standard 3.0, the following factors are to be considered in imposing sanctions after a finding of lawyer misconduct: ‘
(a) the duty violated;
(b) the lawyer's mental state;
(c) the actual or potential injury caused by the lawyer's misconduct; and
(d) the existence of aggravating or mitigating factors.
84. These factors are addressed in a three part methodology: 1) determine the first three factors; 2) determine recommended sanction; and 3) determine whether aggravating or mitigating cireumstances exist, In Re Schuler, 818 P.2d 138, 140 (Alaska 1991).
Part 1: Duty Violated; Lawyer's Mental State; Actual or Potential Injury
A. Duty Violated
35. A violation of Alaska Rule of Profes-gional Conduct 8.4(b) is a violation of duties owed to the public. See ABA Standards § 5.0, A violation of Rule 8.4(c) when a lawyer engages in fraud, deceit, or misrepresentation directed toward a client violates a duty of candor owed to a client, A violation of Rule 1.7(2)(2) violates a duty the lawyer owes to a client to provide a representation that is free of a conflict of interest.
*915 B. Mental State
86. Under the ABA Standards:
"'Intent' is the conscious objective or purpose to accomplish a particular result."
" 'Knowledge' is the conscious awareness of the nature or attendant cireumstances of the conduct but without the conscious objective or purpose to accomplish a particular result."
" 'Negligence' is the failure of a lawyer to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation."
37. For purposes of the violation of Rule 84(b) and Rule 84(c) Pohland acted intentionally. For purposes of Rule 1.7(b), Poh-land, at a minimum, acted knowingly.
C. Actual or Potential Injury
88. Shoplifting harms the community by higher prices consumers must pay to cover the losses from theft and by added burden on the police and the courts. The public expects a lawyer to be honest and to abide by the law. Pohland's failure to maintain personal honesty and integrity violated a basic professional obligation a lawyer owes to the public. . Pohland agrees that public confidence in the integrity of lawyers was more seriously undermined because of her position as an employee of the Department of Law. As counsel to the ALRA, Pohland injured her client by her lack of candor regarding her friendship with the ASEA employee and not fully disclosing to her client the possible effect of that conflict. Her advice to ALRA staff about what to do regarding the forged cards became suspect because of her close personal friendship with the ASEA employee. Opportunities to unionize at the university were impacted after much time, money and resources were directed toward the effort, harming the organizations and persons interested in establishing a union.
Part 2; Recommended Sanction Under ABA Standards
89, ABA Standards 5.0 sets out the sanctions for violations of duties owed to the public. Absent mitigating cireumstances, in cases involving commission of a eriminal act, such as shoplifting, that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer, Section 5.11 provides disbarment is generally appropriate when:
(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or
(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely. reflects on the lawyer's fitness to practice.
40. ABA Standards 4.3 sets outs sanctions for a lawyer's failure to avoid conflicts of interest,. Section 4.82 states suspension is generally appropriate "when a lawyer knows of a conflict of interest and does not fully discloge to a client the possible effect of that conflict, and causes injury or potential injury to a client."
41, Bar counsel and Pohland agree that suspension may be appropriate for her failure to fully disclose the conflict, but that any lesser sanction for her violation of Rule 1.7(a)(2) would be subsumed in the greater discipline of disbarment.
Part 3: Aggravating and Mitigating Factors
42, ABA Standards 9.0 sets out factors that may be considered in aggravation and mitigation. Factors that serve to aggravate include:
e Dishonest or selfish motive (9.22(b));
® Pattern of misconduct (9.22(c));
e Multiple offenses (9.22(d)); and
® Substantial experience in the practice of law (9.22(0)).
48. Factors that serve to mitigate include:
*916 e Absence of a- prior disciplinary record; (9.32(a));
e©ePersonal - or - emotional - problems; (9.32(c) (At the time of these events, Pohland had been ostracized by her local extended family who disagreed with her politics. She was- exeluded from the fam- . ily events that had been her primary social cirele and was experiencing isolation and loneliness.: The woman who befriended her was a clever manipulator who took advantage of Pohland's emotional isolation.);
e Physical or mental disability or impairment; (Pohland has a genetic disorder (Ehlers-Danlos) which impacts her mobility, resulted in surgeries on her knees and hip, and requires medication for pain management.);
e Imposition of other penalties or sance-tions; (9.82(k)) (Pohland has completed terms of her probation for the shoplifting offense and lost her job with the Department of Law.); and
e Remorse (9.32(F )).
STIPULATED DISCIPLINE
44, The Alaska Supreme Court placed Pohland on interim suspension under Bar Rule 26(a) on Decembe; 2, 2011.
45. Pohland and Bar Counsel now stipulate to Pohland's final discipline. In view of the facts and cireumstances set forth above, considered in light of the ABA Standards for Lawyer Sanctions, Bar Counsel has determined that the appropriate discipline for Pohland under Alaska Bar Rule 16(a)(1) is disbarment. The parties agree that efforts to resolve this matter, by disbarment were underway with Pohland's former attorney and that the effective date of the disbarment will be May 6, 2013, the date. that Ms. Strout filed a superseding entry of appearance. Pohland and Bar Counsel enter this stipulation pursuant to Alaska Bar Rule 22(h), subject to approval by the Disciplinary Board and the Supreme Court. The disbarment shall be effective upon entry of an Order of Disbarment by the Alaska Supreme Court,
DATED this ___ day of January, 2016, at Anchorage, Alaska.
/s/ Louise R. Driscoll Assistant Bar Counsel
/s/ Erin A. Pohland Respondent
DATED this 26th -day of January, 2016, at Anchorage, Alaska.
/s/ Cynthia Strout Attorney for Respondent
DATED this 26th day of January, 2016 at Latrobe, Pennsylvania.
/s/ Erin A. Pohland Respondent
SUBSCRIBED AND SWORN to before me this 26th day of January, 2016.
/s/ Notary Public in and for My commission expires:

. Pohland was placed on interim, suspension from the practice of law in Alaska in December 2011. \

. The stipulation has been edited to delete identifying references to others and to conform to supreme court technical requirements.

. Cf. In re Miles, 339 P.3d 1009, 1018 (Alaska 2014) (stating we independently review entire disciplinary proceeding record while affording great weight to Disciplinary Board's findings of {act). . -

. Id.