*Notice: This order is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

# In the Supreme Court of the State of Alaska

| | |
|---|---|
| In the Matter of the Reinstatement of:<br><br>**Erin A. Pohland,**<br><br>Petitioner. | Supreme Court No. **S-18678**<br><br>**Order**<br>Petition for Reinstatement<br>Order No. 123 – November 29, 2024 |

ABA File No. 2023R001

ABA Member No. 0812100

Before: Maassen, Chief Justice, and Carney, Borghesan, Henderson, and Pate, Justices.

Attorney Erin A. Pohland was placed on interim suspension on 12/2/2011 and was disbarred effective 5/6/2013 based on a stipulation with Bar Counsel for the Alaska Bar Association, which was accepted by this court.[1]  In March 2023 Pohland petitioned for reinstatement to the Alaska Bar.

As required by Alaska Bar Rule 29(c), Pohland's petition was heard before an area hearing committee.  Pohland and her witnesses testified, and Bar Counsel did not oppose her reinstatement.  However, the hearing committee recommended that her petition be denied.

Pohland appealed to the Disciplinary Board, as permitted by Bar Rules 29(c)(1) and 25(f).  After holding a hearing, the Board issued a decision recommending

---

[1]    *In the Disciplinary Matter Involving Erin A. Pohland*, 377 P.3d 911 (Alaska 2016).

that Pohland be reinstated. The Bar Association distributed a complete record of the proceedings to this court.

Having reviewed the record, including the Area Hearing Committee's Report and Recommendation, and the Disciplinary Board's Findings, Conclusions, and Recommendation,[2] we agree with the Board's recommendation. Therefore,

**IT IS ORDERED**:

Pohland's petition for reinstatement is granted, subject to the following conditions:

1. Pohland must take and pass the MPRE on a date no more than three years prior to employment in Alaska;

2. Pohland must attend the Alaska Bar Association's free three-hour ethics program in each of the three years following reinstatement; and,

3. Pohland must establish an attorney-mentor relationship with an attorney or attorneys approved by Bar Counsel. The mentorship will continue for three years following reinstatement. The mentor or mentors will monitor Pohland's work and professional conduct and report periodically to Bar Counsel on Pohland's progress and whether any ethical problems have occurred.

Entered at the direction of the court.

Clerk of the Appellate Courts

Meredith Montgomery

Distribution:

---

[2]   The Board's recommendation is attached as an appendix to this order.

In The Reinstatement Matter )
Involving )
)
ERIN A. POHLAND, )
)
Petitioner. )
_____ )

ABA Membership No. 0812100 ABA
File No. 2023R001
Supreme Court No. S-18678

**FINDINGS, CONCLUSIONS, AND
RECOMMENDATION
OF DISCIPLINARY BOARD**[*]

This reinstatement matter came before the Disciplinary Board of the Alaska Bar Association ("Board") on January 25, 2024. The Board considered Petitioner Erin A. Pohland's ("Pohland") appeal of the report of the Area Hearing Committee ("Committee") dated September 22, 2023. The Board unanimously rejected the Committee's findings, conclusions, and recommendations in this matter, and recommended that Pohland be reinstated subject to the conditions of reinstatement discussed herein.

## I. Pohland's Petition for Reinstatement

Disbarred attorney Pohland petitioned for reinstatement to the practice of law in Alaska. Pohland was originally disbarred from the practice of law in Alaska

---

[*] This decision has been edited to conform to technical rules of the Alaska Supreme Court.

based upon a stipulation she executed with the Alaska Bar Association. The Stipulation was adopted by the Alaska Supreme Court.[1]

The Committee, consisting of two attorney members and one non-attorney member, considered Pohland's reinstatement petition. Pohland was represented by counsel. The Alaska Bar Association was also represented by counsel ("Bar Counsel"). The Committee conducted a hearing regarding Pohland's reinstatement on July 26, 2023. The parties subsequently submitted post-hearing briefs.

Bar Counsel did not oppose Pohland's reinstatement. Bar Counsel noted that Pohland's rehabilitation "has been sincere and successful," and that Pohland's return to the practice of law would not be detrimental to "the integrity and standing of the Bar or the administration of justice or subversive of the public interest." Bar Counsel found that it was unlikely that Pohland would reoffend. Bar Counsel recommended that prior to returning to Alaska to practice, should she do so, Pohland must (1) take and pass the Multistate Professional Responsibility Exam ("MPRE") on a date no more than three years prior to employment in Alaska, (2) attend the Bar Association's free three-hour ethics program; and, (3) establish an attorney-mentor

---

[1]     *In re Disciplinary Matter Involving Pohland*, 377 P.3d 911 (Alaska 2016). The Stipulation was attached as an appendix to the decision. Pohland's effective disbarment date was May 6, 2013. *Id.* at 912. The Alaska Supreme Court had placed Pohland on interim suspension under Bar Rule 26(a) on December 2, 2011. It is important to note that Pohland's conviction for official misconduct under AS 11.56.850(a) was reversed by the Alaska Supreme Court in 2019. See *Pohland v. State*, 436 P.3d 1093 (Alaska 2019). The 2016 disbarment stipulation recognized that the Official Misconduct conviction was then on appeal. The parties acknowledged that Pohland violated Alaska Rule of Professional Conduct 1.7(a)(2) by failing to disclose a conflict of interest to her client. *Id.* at 913. It is undisputed that, as described in the original disciplinary matter, in 2011 Pohland pleaded guilty to concealment of merchandise in violation of AS 11.46.220(a) and AS 11.46.220(c)(2)(A), a misdemeanor shoplifting offense.

relationship with an attorney or attorneys approved by Bar Counsel for a period of three years.

The Committee issued a Report and Recommendation on Petition for Reinstatement ("Report") on September 22, 2023, recommending that the Board deny Pohland's reinstatement. The Report included the Committee's summary of the testimony of the six witnesses, including Pohland, who testified at the hearing, along with the exhibits submitted at the hearing. The Committee reviewed the ten factors articulated by the South Dakota Supreme Court in *In re Pier* (the "*Pier* factors") as adopted by the Alaska Supreme Court in *In re Reinstatement of Wiederholt*[2] to help guide the reinstatement inquiry.

The *Pier* factors include (1) the petitioner's present moral fitness; (2) the petitioner's acceptance of wrongdoing with sincerity and honesty; (3) the extent of the petitioner's rehabilitation; (4) the nature and seriousness of the original misconduct; (5) the petitioner's conduct following discipline; (6) the time elapsed since the original discipline; (7) the petitioner's character, maturity, and experience at the time of discipline and at present; (8) the petitioner's current competency and qualifications to practice law; (9) restitution; and (10) the proof that the petitioner's return to the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, or subversive of the public interest.

Regarding Factor 1, the Committee found by clear and convincing evidence that Pohland's present moral fitness favored reinstatement.[3]

Regarding Factor 2, the Committee found that it did not find clear and convincing evidence that Pohland had accepted her wrongdoing with sincerity and

---

[2]     295 P.3d 396, 400 (Alaska 2013).

[3]     The brief recitation of findings is provided for background purposes only. The Board understands that the Court will independently exercise its judgment in reviewing the entire record, including the Report.

honesty. The Committee found that Pohland "deflected blame to others," and failed to produce text messages or "surveillance video tape" of her original misdemeanor conviction. The Committee concluded that Pohland "did not seem to possess any awareness as to the wider implications of her misconduct."

In assessing Factor 3 (the extent of petitioner's rehabilitation), the Committee concluded that it "did not find clear and convincing evidence of rehabilitation sufficient to support reinstatement." The Committee found it "troubling" that Pohland did not explain the "triggering causes" of her "crimes." The Committee discredited various testimony and exhibits provided related to Pohland's treatment.

The Committee concluded that Factor 4 (the nature and seriousness of the original misconduct) did not favor reinstatement. It pointed out that Pohland pled guilty and failed to present "criminal records" that would have been in Pohland's "custody and control" and "reflect the scope and scale of Ms. Pohland's involvement."

The Committee found that Factor 5 (the petitioner's conduct following discipline) favored reinstatement. It also found that the amount of time that had elapsed since the original discipline (Factor 6) favored reinstatement.

Regarding Factor 7 (the petitioner's character, maturity, and experience at the time of discipline and at present), the Committee found against reinstatement. The Committee apparently incorporated its previous findings into its Factor 7 analysis, noting that Pohland's testimony was "less than entirely credible" and noted that Pohland was an adult in her late 20s who was well-credentialed when she moved to Alaska.

The Committee also did not find clear and convincing evidence that Pohland's "current competency and qualifications to practice law (Factor 8) favored reinstatement." The Committee explained that "[p]racticing law is more than applying law to facts and drafting a well-written motion or pleading. Practicing law entails character, honesty, discretion, judgment, maturity, accountability, and a recognition of the responsibility one shoulders as a Member of the Bar to advance the profession and Rule of Law."

With respect to Factor 9, the Committee found that Pohland did not present evidence to establish that she made amends or paid restitution or otherwise apologized to the Alaska Labor Relations Agency ("ALRA").[4]

Finally, the Committee found that Factor 10 (proof the Petitioner's return to the practice of law will not be detrimental to the integrity and standing of the Bar or the administration of justice, or subversive of the public interest) did not favor reinstatement. The Committee found that Pohland's name remains readily searchable and noted that she failed to call character witnesses from Alaska to vouch for her character, including witnesses from the ALRA or any Alaska-based attorney witnesses.

The Committee then noted that it did not find Pohland to be credible. While it found that Dr. Tellefsen, an expert who performed a psychiatric interview and opined in Pohland's favor, credible, it believed that Dr. Tellefsen insufficiently addressed Pohland's *personal* therapy. The Committee found that Pohland's previous employer, Ms. Dvortsin, an immigration lawyer, was not credible because she did not take "steps to inquire" into Pohland's background after she had been advised of Pohland's misconduct. The Committee found "the other witnesses to be credible but to have marginally relevant testimony."

---

[4] As an assistant attorney general at the time, Pohland provided advice to ALRA. She was a personal friend of Skye McRoberts, a union organizer who ALRA suspected had forged union interest cards. As part of her disbarment, Pohland admitted that she should have disclosed this conflict to her client.

## II.    Pohland's Appeal of Committee's Decision.

Pohland, through counsel, pursuant to Bar Rules 22(I), 25, and 25(f) provided timely notice of her intent to appeal the Committee decision. On October 12, 2023, Danielle Bailey, the Executive Director of the Bar (and clerk of the Disciplinary Board) issued an appellate briefing schedule. Counsel for Pohland submitted a written appeal on November 13, 2023. On December 13, 2023, Bar Counsel similarly submitted a response to the Committee's Recommendation, noting the Bar's non-opposition to Pohland's reinstatement.

The Board met to consider the appeal on January 25, 2024. The Board heard from Pohland's attorney and Bar Counsel. The Board asked the lawyers numerous questions regarding the petition. The Board also considered the proceedings and material discussed *supra* and had full access to the Record, including the transcript of the July 26, 2023 proceeding and associated exhibits. After deliberating in executive session, the Board unanimously found that Pohland had proven her eligibility for reinstatement by clear and convincing evidence. The Board adopted the following conditions governing Pohland's reinstatement:

1.  Pohland must take and pass the MPRE on a date no more than three years prior to employment in Alaska;

2.  Pohland must attend the Alaska Bar Association's free three-hour ethics program; and

3.  Pohland must establish an attorney-mentor relationship with an attorney or attorneys approved by Bar Counsel. The mentorship will continue for three years. The mentor or mentors will monitor Pohland's work and professional conduct and report periodically to bar counsel to determine Pohland's progress and whether the mentor or mentors believe that problems or violations have occurred.

## 4. Board's Determination That Pohland Met Her Reinstatement Burden.

Disbarment is not a permanent sanction. The Alaska Supreme Court, which has final authority over reinstatement applications, and the Board, acting in its statutory role as an advisory board to the court, have an obligation to carefully scrutinize all reinstatement applications.[5]

In addition to the *Pier* factors, the Alaska Supreme Court has explained:

> The major consideration in reinstatement proceedings is whether the disbarred attorney has shown that those weaknesses that produced the earlier misconduct have been corrected. Therefore, courts often consider remorse, rehabilitation, and moral fitness to practice law to be key elements in the inquiry. Because a petitioner for reinstatement must demonstrate moral fitness and good character sufficient to be trusted again, the petition must make a showing of these characteristics that "overcome[s] the court's former adverse judgment" on the petitioner's character.[6]

The Committee's finding that Factor 2 (the petitioner's sincere acceptance of wrongdoing and evidence of rehabilitation) was not established is just plain wrong. Pohland testified that she accepted responsibility for her conduct by taking the following measures: she agreed to an immediate suspension, resigned from her job at the Attorney General's Office (against the advice of counsel), and stipulated to her disbarment.[7] Regarding her disbarment, Pohland testified:

> [T]he facts of what happened are what happened. I have to take responsibility for that and accept — the discipline that is imposed. I broke the rules of professional confuct on more than one occasion in more than one way. And the bar association has every right to hold me accountable for that[.]

---

[5]    *In re Reinstatement of Wiederholt*, 89 P.3d 771, 792 (Alaska 2004).

[6]    *In re Reinstatement of Wiederholt*, 295 P.3d at 399 (Alaska 2013) (citations omitted).

[7]    Pohland also stipulated to disbarment in Pennsylvania.

I might not like it, but it is right and it was the right thing for the bar association to do.

Regarding the original ALRA matter, Pohland testified that she absolutely should have told that client about the conflict of interest. Regarding her relationship with McRoberts,[8] Pohland testified that not only had she not had any contact with McRoberts in "over a decade," but that she recently actively assisted law enforcement in investigating accusations that McRoberts had defrauded another victim.[9]

Regarding the concealment crimes, Pohland testified that although she was presently in a better place emotionally about it, she has had people try to tell her things like "it's a victimless crime. It's not a big deal. And it's – it's not. I feel embarrassed. I feel ashamed. I genuinely can't believe that I did it. It seems like another lifetime ago, a whole []other person."

Pohland provided candid information about her therapeutic efforts. She testified that she sought therapy prior to her disbarment in Alaska. Her subsequent therapy was related to an intensely challenging and private matter involving her adopted son and memories of previous childhood abuse that Pohland suffered. Pohland spent approximately four years in therapy. The Committee repeatedly attempted to assert that Pohland had deflected responsibility by blaming McRoberts. The Board does not find this conclusion to be accurate. Pohland was candid about McRoberts's influence over her when she was younger, but she did not portray herself as a blameless victim in her prior conduct. Although Pohland achieved high marks in law school and was successful professionally as a young lawyer, Pohland was still vulnerable to outside influences that have nothing to do with her intellectual acumen or professional aptitude.

---

[8] In addition to her involvement in the ALRA matter, McRoberts was Pohland's friend and accomplice in the original shoplifting activities. Her influence over Pohland was covered extensively at the hearing.

[9] Pohland testified that she genuinely feared McRoberts. Her last interaction with her occurred in Alaska when McRoberts screamed at her, prompting Pohland to move out of the apartment attached to McRoberts's residence.

Regarding Factor 9, the record supports the notion that Pohland has made financial and/or other amends within the constraints of the reality of her circumstances. As her counsel pointed out at oral argument before the Board, Pohland paid restitution in the shoplifting case and completed the probationary period of her sentence without incident. But the ALRA matter was on appeal for several years and Pohland's attorney prudently advised her not to reach out to ALRA while the appeal was pending. Moreover, ALRA representatives were "exceedingly angry at [Pohland], and not without reason" and Pohland's counsel did not believe that the employees involved when the matter arose (in 2010) were still with the Agency.

Likewise, in light of Pohland's forthright acceptance of the damaging nature of her conduct and the widespread harm it caused, the Board found that Pohland had overcome the court's former adverse judgment of her character. In doing so, the Board rejected the Commission's misplaced attempt to relitigate the concealment matter by, for example, penalizing Pohland for not producing video, text messages, and police reports of conduct that she not only pled guilty to at the criminal level but admitted should serve as the basis of her violation of Alaska Rule of Professional Conduct 8.4(b).[10] As Bar Counsel noted at oral argument, the Committee perplexingly found that Pohland *did* accept her wrongdoing with sincerity and honesty, but then took mixed inferences from evidence in the record to reach contradictory conclusions in assessing other factors.[11]

---

[10] *See In re Disciplinary Matter Involving Pohland*, 377 P.3d 911, 913 (Alaska 2016) (Paragraphs 20 and 21).

[11] The Board found the Committee's commentary regarding Pohland's motherhood to be irrelevant and to contradict the record as a whole. ("When discussing her rehabilitation, Ms. Pohland attached significant emphasis on her role as a mother. However, she began her criminal activities *after* she started the adoption process."). The unrebutted record in this case is that Pohland is a committed mother and an advocate for open and transparent adoptions, including international adoptions.

Bar Counsel noted that Pohland nearly immediately recognized that the concealment conduct was a "disbarable offense" and that Pohland "never objected to the disbarment." Pohland's admission ran contrary, in Bar Counsel's experience, to many attorneys whom the Bar deals with in discipline-related matters. Contrary to the Committee's findings, the Board found this acceptance of responsibility supported reinstatement. Examining the totality of the Record, the Board found that Pohland's return to the practice of law would not be detrimental to the integrity and standing of the Bar or the administration of justice or subversive of the public interest.

III.   **Conclusion**

The Board recommends that Pohland's reinstatement petition be granted. The Board is satisfied that it is reasonable and appropriate for Pohland to be mentored by an actively practicing attorney or group of attorneys for a period of three years and for Pohland to successfully comply with the ethical obligations consistent with its findings, including requiring Pohland to take and pass the MPRE on a date no more than three years prior to employment in Alaska, and for Pohland to attend the Alaska Bar Association's free three-hour ethics program.

DATED this 3rd day of May, 2024, at Anchorage, Alaska.

ALASKA BAR ASSOCIATION

_____/s/_____

Jeffrey Robinson
President Disciplinary Board